UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| RONALD WILSON, JR. | * | CIVIL ACTION |
| versus | * | NO. 11-978 |
| GREAT WEST CASUALTY COMPANY, ET AL. | * | SECTION "F" |

ORDER AND REASONS

Before the Court is the plaintiff's motion for summary judgment on liability. For the reasons that follow, the plaintiff's motion is DENIED.

**Background**

This personal injury lawsuit arises from a car accident in which the plaintiff alleges that his vehicle was stopped in traffic when it was rear-ended by an 18-wheeler.

According to Ronald Wilson, Jr., at around 8:00 a.m. on February 14, 2011, he was driving east on Interstate 12 in St. Tammany Parish in his 2008 Chevrolet Silverado. At the same time, Curtis Ratliff was driving a 2000 Freightliner 18-wheeler[1] eastbound on Interstate 12 directly behind Wilson. Because of traffic congestion, Wilson was forced to stop his Silverado. Wilson contends that Ratliff failed to adequately and timely stop

[1] Wilson says the Freightliner is owned by Randall Brown and Richard L. Brown, d/b/a Big B Trucking, and insured by Great West Casualty Company.

his vehicle, which caused the 18-wheeler to rear-end his Silverado.

According to Wilson, Ratliff was issued a citation for careless operation; as a result of the accident, Wilson claims that he has suffered injuries to his neck and back. Wilson sued Great West Casualty Company, Randall Brown and Richard Brown, d/b/a Big B Trucking, and Curtis A. Ratliff on April 26, 2011 in this Court. He contends that the defendants' negligence caused his injuries.

Wilson now requests summary relief on the issue of liability.

I.

Federal Rule of Civil Procedure 56 instructs that summary judgment is proper if the record discloses no genuine dispute as to any material fact such that the moving party is entitled to judgment as a matter of law. No genuine issue of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio., 475 U.S. 574, 586 (1986). A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Court emphasizes that the mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. See id. Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. Id. at 249-50 (citations omitted). Summary judgment

is also proper if the party opposing the motion fails to establish an essential element of his case. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party. See Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 649 (5th Cir. 1992). Rather, he must come forward with competent evidence, such as affidavits or depositions, to buttress his claims. Id. Hearsay evidence and unsworn documents do not qualify as competent opposing evidence. Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987). Finally, in evaluating the summary judgment motion, the Court must read the facts in the light most favorable to the non-moving party. Anderson, 477 U.S. at 255.

II.

The plaintiff contends that he is entitled to summary judgment on liability because his car was rear-ended. He points out that a motorist has a duty not to follow another vehicle too closely, and that a following motorist in a rear-end collision is presumed to have breached this duty and is negligent. La.R.S. 32:81; Hopstetter v. Nichols, 716 So.2d 458, 461 (La. App. 5 Cir. 1998). He concludes that Ratliff breached his duty to maintain a reasonable and prudent distance behind plaintiff's vehicle when he rear-ended the plaintiff's vehicle while the plaintiff was stopped for traffic congestion. The defendants counter that the plaintiff

has failed to submit any record evidence in support of his request for summary relief on the issue of liability and, therefore, the motion should be denied. The Court agrees.

The defendants correctly point out that the party requesting summary relief bears the initial responsibility of informing the Court of the basis of his motion and identifying those portions of the record that he believes demonstrate the absence of a genuine issue of material fact. In fact, the movant is required to support his assertion that a fact cannot be genuinely disputed:

> (c) Procedures.
> (1) Supporting Factual Positions. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials....

Fed.R.Civ.P. 56(c)(emphasis added). Here, there is no record for the Court to examine: the plaintiff has submitted no evidence to support his assertion that the fact of the defendants' liability cannot be genuinely disputed.[2] The plaintiff’s submission is

[2] In fact, the only evidence in the record was submitted by the defendants: Curtis Ratliff submits an affidavit in which he states that he was traveling below the posted speed limit, that he came upon a bridge passing over the Tchefuncte River and as he neared the crest of the bridge he saw that traffic on the interstate in front of him had come to an unexpected stop, creating a sudden emergency.

wholly inadequate; the motion is simply not properly supported. Because the plaintiff has not carried his burden, the Court cannot evaluate whether the record discloses disputed issues of fact on liability. Summary judgment is therefore inappropriate.

The plaintiff's motion for summary judgment on liability is DENIED.

New Orleans, Louisiana, May 30, 2012

MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE